UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| SOUTHERN OPERATORS HEALTH FUND, <br><br> Plaintiff, <br><br> v. <br><br> RAY ANTHONY INTERNATIONAL, LLC, RAY ANTHONY, and ERIC ANTHONY, <br><br> Defendants. | Civil Action No. 3:10-0518 <br><br> Judge Echols <br> Magistrate Judge Griffin |

### DEFENDANTS RAY ANTHONY AND ERIC ANTHONY'S MEMORANDUM OF LAW IN SUPPORT OF THEIR RULE 12(B)(6) MOTION TO DISMISS PLAINTIFF'S COMPLAINT

COME NOW Defendants Ray Anthony and Eric Anthony and hereby file this Memorandum of Law in Support of their Rule 12(b)(6) Motion to Dismiss. As fully explained below, Plaintiff's allegations fail to state a claim upon which relief can be granted because:

- The prior order of the Court in Case No. 3:10-0100, referenced by Plaintiff and attached as Exhibit A to the Complaint, does not enjoin Defendants Ray Anthony and Eric Anthony;

- Plaintiff has failed to meet the minimum pleading requirements for its claims against Defendants Ray Anthony and Eric Anthony under Rule 12 of the Federal Rules of Civil Procedure as clarified in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009); and

- Any alleged claims against Eric Anthony are precluded by the doctrine of collateral estoppel.

Accordingly, Plaintiff's claims against Ray Anthony and Eric Anthony must be dismissed with prejudice.

## BACKGROUND

As evidenced by the Agreed Order and Final Judgment in Case No. 3:10-0100 attached as Exhibit A to Plaintiff's Complaint and incorporated by reference in Paragraph 1 of Plaintiff's Complaint, Plaintiff previously filed suit against Defendants Ray Anthony International, LLC ("RAI") and Eric Anthony, who Plaintiff alleges is RAI's Chief Financial Officer.[1] (Doc. 1, ¶ 1, Ex. A (Agreed Order and Final Judgment, Doc. 10 of Civil Action No. 3:10-0100)). Ray Anthony, who Plaintiff alleges is RAI's President, was not a party to Case No. 3:10-0100. (See Doc. 1, Ex. A). Pursuant to that Agreed Order and Final Judgment as entered by the Court on March 9, 2010, the pleadings of the previous suit were "amended to delete any claims against the individual Eric Anthony, and claims against Eric Anthony [were] dismissed with prejudice." (Doc. 1, Ex. A).

Besides this total and final removal and dismissal with prejudice of Eric Anthony from the previous lawsuit, the Agreed Order and Final Judgment also provided for a judgment and permanent injunction in favor of Plaintiff and against RAI only. (Doc. 1, Ex. A). Specifically, the permanent injunction requires RAI to timely submit future contributions and monthly payroll reports to Plaintiff pursuant to 29 U.S.C. § 1145. (Doc. 1, Ex. A). Plaintiff now alleges that, since the entering of the permanent injunction against RAI, all Defendants have failed to submit monthly reports and contributions and allegedly remain delinquent in doing so. (Doc. 1, ¶ 2). However, no judgment or permanent injunction was agreed to or entered against Eric Anthony or Ray Anthony. (See Doc. 1, Ex. A). Plaintiff now seeks equitable relief requiring all Defendants to comply with 29 U.S.C. § 1145 and a judgment against all Defendants under 29 U.S.C. § 1132(g)(2). (Doc. 1).

---

[1] Although Defendants Ray Anthony and Eric Anthony dispute Plaintiff's allegation that Eric Anthony is RAI's Chief Financial Officer, Defendants accept this allegation as true for purposes of their Rule 12(b)(6) Motion to Dismiss.

Because Plaintiff has failed to come forward with any factual allegations to support its vague claims against Defendants Ray Anthony and Eric Anthony, neither of them are subject to the judgment and permanent injunction entered against RAI. In addition, because Eric Anthony was previously dismissed with prejudice from the previous action premised on 29 U.S.C. § 1145, Plaintiff is collaterally stopped from asserting the same claims against him here. For these reasons, Plaintiff's claims against Ray Anthony and Eric Anthony properly should be dismissed under Rule 12 of the Federal Rules of Civil Procedure.

## ARGUMENT

### I. LEGAL STANDARDS APPLICABLE TO DEFENDANTS' MOTION TO DISMISS

#### A. General Standards Applicable to a Motion to Dismiss.

The Federal Rules of Civil Procedure require that a plaintiff provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed R. Civ. P. 8(a)(2). In deciding a motion to dismiss under Rule 12(b)(6), the court will "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007); *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 619 (6th Cir. 2002). The court must assume that all the <u>factual</u> allegations are true, even if they are doubtful in fact. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In contrast, legal conclusions are not entitled to the assumption of truth. *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009).

#### B. Application of *Twombly* and *Iqbal*.

The Supreme Court recently raised the bar for pleading requirements beyond the old "no-set-of-facts" standard of *Conley v. Gibson*, 355 U.S. 41 (1957), that had prevailed for the last few decades. *See Iqbal*, 129 S. Ct. at 1937; *Twombly*, 550 U.S. at 555. In *Twombly* and

*Iqbal*, the United States Supreme Court clarified the applicable minimum pleading standards for a motion to dismiss brought pursuant to Rule 12: "To survive a motion to dismiss, a complaint <u>must contain sufficient factual matter</u>, accepted as true, to '<u>state a claim to relief that is plausible on its face</u>.'" *Iqbal*, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570) (emphasis supplied). Factual allegations must be sufficient "to raise a right to relief above the speculative level" and must be sufficient to "nudge [plaintiff's] claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 450.[2]

### 1. Step one: Identify the legal conclusions.

According to the Supreme Court, this inquiry involves a "two-pronged approach." *Id.* at 1950.[3] First, courts should weed out the factual allegations from the legal conclusions in the complaint. *Id.* This is because "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* at 1949. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 1950. A complaint that offers only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

### 2. Step two: Evaluate the factual allegations for "plausibility."

Second, after weeding out the conclusory statements and labels, the court must determine whether the remaining factual allegations, standing alone, establish an entitlement to

---

[2] The Supreme Court clarified that its decision in *Twombly* "expounded the pleading standard for all civil actions," despite the fact that *Twombly* itself arose in the context of an antitrust suit. *Iqbal,* 129 S. Ct. at 1953. The Court's decision in *Iqbal* made clear that the *Twombly* standard is not limited to "sprawling, costly, and hugely time-consuming" litigation, *Twombly*, 550 U.S. at 560 n.6, dispelling such speculation by courts both within and outside this Circuit. *See, e.g.*, *U.S. ex rel. SNAPP, Inc. v. Ford Motor Co.*, 532 F.3d 496, 502 n.6 (6th Cir. 2008); *Sensations, Inc. v. City of Grand Rapids*, 526 F.3d 291, 296 n.1 (6th Cir. 2008); *Commercial Money Ctr., Inc. v. Ill. Union Ins. Co.*, 508 F.3d 327, 336 n.4 (6th Cir. 2007); *Iqbal v. Hasty*, 490 F.3d 143, 155-58 (2d Cir. 2007), *rev'd*, *Iqbal*, 129 S. Ct. at 1954.

[3] *See also* Drew Farmer, *Ashcroft v. Iqbal: The Twombly Pleading Revolution Lives*, Nashville Bar Journal 6, 7 (July 2009); Andree Sophia Blumstein, *Twombly Gets Iqbal-ed*, Tennessee Bar Association Journal (July 2009).

relief. *Iqbal*, 129 S.Ct. at 1950. A complaint "has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 1949. However, "[w]here a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id*. (quoting *Twombly*, 550 U.S. at 557). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id*. (alterations in original) (quoting *Twombly*, 550 U.S. at 557).

## II. PLAINTIFF'S CLAIM LACKS SUFFICIENT FACTS TO SUPPORT A PLAUSIBLE CLAIM FOR RELIEF AGAINST DEFENDANTS RAY ANTHONY AND ERIC ANTHONY.

To survive a motion to dismiss, a complaint must contain either direct or inferential allegations respecting all the material elements to sustain recovery under some viable legal theory. *Twombly*, 550 U.S. at 563. Here, in addition to a judgment under 29 U.S.C. § 1132(g)(2), Plaintiff seeks Defendants' compliance with 29 U.S.C. § 1145 both directly through the statute and through the Court's prior Order, attached to the Complaint as Exhibit A. However, Plaintiff has failed to offer any allegations that would support the imposition of any such relief against Defendants Ray Anthony or Eric Anthony in their individual capacities

### A. Plaintiff has not alleged that either Ray Anthony or Eric Anthony is bound by the Court's prior Order.

Plaintiff has offered absolutely no facts to support a claim for equitable relief in the form of requiring Ray Anthony and/or Eric Anthony, individually, to comply with the Agreed Order and Final Judgment attached as Exhibit A to the Complaint. Plaintiff has not alleged that either Ray Anthony or Eric Anthony are bound by or subject to the permanent injunction outlined in that Order, and in fact, the Order is clear that the injunction requiring compliance with 29 U.S.C. § 1145 was entered only against RAI. Accordingly, Plaintiff has not offered any allegations that

the Order imposes a duty on either Ray Anthony or Eric Anthony to submit payroll reports or contributions to Plaintiff, or that a failure to do so will expose them to liability under the Order. Therefore, Plaintiff has offered no facts to support a plausible claim that Defendants Ray Anthony or Eric Anthony had a duty to and failed to comply with the Order attached as Exhibit A to the Complaint, and any such claims should be dismissed with prejudice.

      **B.     Plaintiff has not alleged facts to support claims against Defendants Ray Anthony and Eric Anthony under 29 U.S.C. § 1145.**

Although Plaintiff's Complaint is not clear, it appears to assert liability on the part of Defendants Ray Anthony and Eric Anthony, individually, for their alleged failure to comply with the requirements of 29 U.S.C. § 1145. However, the only facts alleged to possibly support this claim are Plaintiff's conclusory assertions that Ray Anthony is RAI's President, Eric Anthony is RAI's Chief Financial Officer, and all Defendants failed to timely submit monthly reports and contributions. (See Doc. 1, ¶ 2). These statements are insufficient to establish liability under 29 U.S.C. § 1145.

Under 29 U.S.C. § 1145, an "employer who is obligated to make contributions to a multiemployer plan . . . shall . . . make such contributions in accordance with the terms and conditions of such plan or such agreement." The term "employer" is defined as "any person acting directly as an employer, or indirectly in the interest of an employer, in relation to an employee benefit plan." 29 U.S.C. § 1002(5).

Based on these provisions, it is clear that Plaintiff's allegations against Defendants Ray Anthony and Eric Anthony are deficient and consist of nothing but bald, conclusory allegations or legal conclusions which are insufficient to state a claim under Rule 12. Plaintiffs have not offered any facts to suggest that either Ray Anthony or Eric Anthony are "employers" under 29 U.S.C. § 1002(5) that would obligate them to make contributions to Plaintiff under 29 U.S.C. §

6
Case 3:10-cv-00518    Document 9    Filed 06/17/10    Page 6 of 9 PageID #: 32

1145. In fact, Plaintiffs have not even offered a conclusory allegation that either of them are employers under the statute. Instead, they simply recite each individual's alleged position with RAI, but fail to allege any significance of these alleged relations.

Further, Plaintiff's allegations regarding alleged failures to timely submit monthly reports and contributions constitute only "labels and conclusions" and a "formulaic recitation of the elements of a cause of action" that alone are insufficient to support a cause of action under the minimum pleading requirements of *Iqbal* and *Twombly*. The Complaint is devoid of any specific facts regarding what contributions were due, the basis for such contributions, or even when such contributions would have been due. Ultimately, the only substantive "facts" alleged by Plaintiff consist of the supposed positions of Eric Anthony and Ray Anthony with RAI. Such allegations simply are not sufficient to support a claim under 29 U.S.C. § 1145. Accordingly, this Court should dismiss Plaintiff's Complaint against Ray Anthony and Eric Anthony with prejudice.

    **C.    Plaintiff is precluded from pursuing a claim against Defendant Eric Anthony under the doctrine of collateral estoppel.**

Finally, under the doctrine of collateral estoppel, Plaintiff may not pursue a claim against Defendant Eric Anthony under 29 U.S.C. § 1145 based on RAI's alleged failure to submit monthly reports and contributions pursuant to that statute because Eric Anthony has already been determined not liable for such claims under the Agreed Order and Final Judgment attached as Exhibit A to the Complaint.

A prior decision may have preclusive effect under the doctrine of collateral estoppel when the following elements are met:

    (1) the precise issue raised in the present case must have been raised and actually litigated in the prior proceeding;

    (2) determination of the issue must have been necessary to the outcome of the prior proceeding;

(3) the prior proceeding must have resulted in a final judgment on the merits; and

(4) the party against whom estoppel is sought must have had a full and fair opportunity to litigate the issue in the prior proceeding.

*Schreiber v. Philips Display Components Co.*, 580 F.3d 355, 367 (6th Cir. 2009). Although case law in the Sixth Circuit regarding the preclusive effect of agreed orders is sparse, the cases suggest that where the order makes a final decision regarding the merits, the parties are precluded from litigating the matter in subsequent proceedings. *See Teledyne Industries, Inc. v. NLRB*, 911 F.2d 1214, 1220 (6th Cir. 1990); *Thomas v. Lytle*, 104 F. Supp. 2d 906, 917 (M.D. Tenn. 2000).

Here, the Agreed Order and Final Judgment attached as Exhibit A to the Complaint is clear that Eric Anthony has no obligations to Plaintiff under 29 U.S.C. § 1145. First, the Order not only dismissed Eric Anthony from the prior lawsuit with prejudice, it also amended the pleadings to delete all claims against him. Second, no judgment whatsoever was entered against Eric Anthony. Third, no permanent injunction was entered against Eric Anthony requiring him to timely submit monthly payroll reports or future contributions to Plaintiff. The Court's approval of these terms and conditions resulted in a final judgment on the merits, a resolution in which Plaintiff was fully involved. Further, this resolution was necessary because it determined that Eric Anthony had no liability to Plaintiff for RAI's previous failure to pay contributions under 29 U.S.C. § 1145, which is the precise issue raised in Plaintiff's current Complaint. Therefore, under the doctrine of collateral estoppel, the Agreed Order and Final Judgment precludes Plaintiff from pursuing its cause of action against Defendant Eric Anthony, and Plaintiff's Complaint should be dismissed with prejudice.

## CONCLUSION

For the foregoing reasons, Defendants Ray Anthony and Eric Anthony respectfully request that this Court grant their Motion for failure to state a claim upon which relief can be granted and dismiss this case with prejudice.

    Respectfully submitted,

    KING & BALLOW

    /s/ Mark E. Stamelos
    Mark E. Stamelos, Esq. (BPR # 21021)
    Patrick W. Ogilvy, Esq. (BPR # 25615)
    1100 Union Street Plaza
    315 Union Street
    Nashville, Tennessee 37201
    Phone: (615) 259-3456
    Facsimile: (615) 726-5417
    mstamelos@kingballow.com
    pogilvy@kingballow.com

    **ATTORNEYS FOR DEFENDANTS**

### Certificate of Service

I hereby certify that on the 17th day of June, 2010, Defendants Ray Anthony and Eric Anthony's Memorandum in Support of their Rule 12(b)(6) Motion to Dismiss Plaintiff's Complaint was electronically filed with the Clerk of Court using CM/ECF which will send a notice of electronic filing to all CM/ECF participants and served upon the following via first-class mail:

    R. Jan Jennings
    Branstetter, Stranch & Jennings, PLLC
    227 Second Avenue North, 4th Floor
    Nashville, TN 37201-1631
    Phone: (615) 254-8801
    Email: jan@branstetterlaw.com

/s/ Mark E. Stamelos
Mark E. Stamelos