UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| SOUTHERN OPERATORS HEALTH FUND, | ) |
| Plaintiff, | ) Civil Action No. 3:10-0518 |
| v. | ) Judge Echols |
| | ) Magistrate Judge Griffin |
| RAY ANTHONY INTERNATIONAL, LLC, RAY ANTHONY, and ERIC ANTHONY, | ) |
| Defendants. | ) |

## OPPOSITION TO MOTION

Presently pending before the Court is a motion by Defendants Ray and Eric Anthony to dismiss the Complaint of Plaintiff Southern Operators Health Fund pursuant to F.R.C.P. 12(b)(6). According to these Defendants, dismissal is appropriate because (1) the Court's previous injunctive orders are not binding upon them, (2) the Complaint fails to meet minimum pleadings standards, and (3) claims against Defendant Eric Anthony are precluded by an order entered in prior action 3:10-0100.

Plaintiff opposes the motion. As is demonstrated under separate heading below, the Court's injunctive orders are binding upon corporate officers, the Complaint identifies Ray and Eric Anthony as corporate officers (the President and Chief Financial Officer) of the corporate Defendant, and an agreed order entered in 3:10-0100, does not preclude a finding of contempt against Defendant Eric Anthony based on his action/inaction after the order had been entered.

## Injunctive Orders and Corporate Officers

The Federal Rules of Civil Procedure provide that every injunctive order is binding upon "the parties to the action, their officers, agents, servants, employees, and attorneys, and upon those persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise." Fed. R. Civ. P. 65(d). This means that, "[a]s a matter of law, injunctions are binding on a party's officers if they receive actual notice of the injunction." *United States v. Hothschild*, 977 F.2d 208, 211 (6th Cir. 1992). *Hothschild* explains that an injunction directed to a corporation "also runs against the corporation's officers in their corporate capacity."

It is fundamental law that a corporation can only act through officers or directors. The Supreme Court ruled in *Wilson v. United States*, 221 U.S. 361, 376 (1911), that a command to a corporation is in effect a command to officers responsible for conduct of the corporation's affairs, and if those officers fail to take appropriate action within their power for performance of a corporate duty, then they are guilty of disobedience and may be punished for contempt. It is therefore well settled that a corporation's officers must take "all reasonable steps...to comply with the court's order." *Peppers v. Barry*, 873 F.2d 967, 969 (6th Cir. 1989).

Thus, if the individual Defendants Ray and Eric Anthony are shown to be corporate officers of the corporate defendant Ray Anthony International, LLC, and the corporate defendant did not obey an order of this Court of which they have knowledge, then they are bound by the Court's prior orders and may be found in contempt. *Elec. Workers Pension Trust Fund of Local Union No. 58 IBEW v. Gary's Electric Serv. Co.*, 340 F.3d 373, 379-82 (6th Cir. 2003); see also *Southern Elec. Health Fund v. Kelley*, 308 F. Supp. 2d 847 (M.D. Tenn. 2003); *Southern Elec. Retirement v. Gibson*, 2006 U.S. Dist. LEXIS 61253 (M.D. Tenn. August 28, 2006).

## The Complaint States a Claim Against Defendants Ray and Eric Anthony

The Complaint identifies Ray and Eric Anthony as officers of the corporate defendant. Corporate officers may be responsible for not obeying a court order binding on the corporation if they have knowledge of the order. It is therefore necessary to determine whether the complaint in this civil action states a plausible claim for relief.

Although recent decisions may have refined the matrix for examining a complaint, the test is essentially unchanged over the years, and after identifying a complaint's factual allegations, the Court should assume their truth and then determine whether the allegations are plausible. Determining the plausibility of a complaint is a fact-specific task that requires the Court to use its "judicial experience" and "common sense." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009). Nothing, however, has changed the pleading standards for a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), as Fed. R. Civ. P. 8 requires only a short, plain statement of a claim showing that a pleader was entitled to relief. *Bell Atlantic Corp. v. Twombley*, 550 U.S. 544, 553 (2007).

The Complaint in the instant civil action is short and succinct, but contains sufficient allegations to withstand the Defendants' motion to dismiss. The Complaint alleges the Court entered an injunctive order requiring the corporate defendant to make timely payment of contributions as well as submit payroll reports as required by 29 U.S.C. § 1145. The Complaint identifies the corporate defendant's President as Ray Anthony, and the corporate defendant's Chief Financial Officer as Eric Anthony. The Complaint states that after the Court entered the permanent injunction, the corporate defendant along with Ray and Eric Anthony failed to timely submit monthly reports and contributions, and at the time of filing of the Complaint, the corporate defendant was delinquent in filing reports and making contributions. Thus, the Complaint is very fact specific by alleging that

the Court entered a permanent injunction requiring affirmative action by the corporate defendant, and states the corporate defendant disobeyed the injunctive order due to a failure to act by Defendants Ray and Eric Anthony.

To hold a litigant in contempt, a movant must produce evidence showing the violation of a definite and specific court order requiring the performance of a particular act, and once this *prima facia* case is established, the burden shifts to the contemptor who may defend by coming forward with evidence showing categorically and in detail that they were not aware of the court order or are presently unable to comply with the order. *NLRB v. Cincinnati Bronze, Inc.*, 829 F.2d 585, 588 (6th Cir. 1987).

Plaintiff respectfully suggests the Court's use of its "judicial experience" and "common sense" in context of the factual allegations will reveal the Complaint establishes a *prima facia* case for contempt against Ray and Eric Anthony.[1] *Gary's Electric* Serv.; see also *Southern Elect. Health Fund v. Heritage Mut. Ins. Co.*, 147 Fed. Appx. 497 (6th Cir. 2005).

There is nothing speculative about facts alleged in the Complaint or the possibility for relief, and Defendants Ray and Eric Anthony may avoid an adjudication of contempt only by proving at a hearing, e.g., there is an inability of the corporate defendant to utilize its resources to obey the Court's order, as opposed to paying creditors other than Plaintiff. The Complaint states a claim against Ray and Eric Anthony.

---

[1] A motion for a show cause hearing is presently pending before the Court (Docket Entry no. 7), with Ray and Eric Anthony's opposition repeating the argument that corporate officers may not be held responsible when the corporation disobeys a court order. For the reasons discussed above, the opposition lacks merit.

## Claims Against Ray Anthony Are Not Barred

Ray Anthony asserts that claims against him in the present action are barred because they were resolved in the prior action 3:10-0100. His assertion cannot be considered without an examination of salient pleadings from the previous case, and the Court may properly take note of pleadings in other proceedings. *Winget v. J.P. Morgan Chase Bank*, 537 F.3d 565, 576 (6th Cir. 2008). For the convenience of the Court, the complaint and other pleadings involving the defendant Ray Anthony International, LLC in 3:09-0634 and 3:10-0100 are attached to this memorandum as an appendix with pages 1-23 circled at the lower right. Examination of those pleadings will reveal the claims against Ray Anthony in the present action were neither raised nor resolved in prior proceedings.

3:09-0634 was initiated on 7/9/09 against Ray Anthony International, LLC (pages 1-4). The complaint in 3:09-0634 essentially alleged Ray Anthony International, LLC was an employer bound by a collective bargaining agreement to submit payroll reports and contributions to Plaintiff, and had failed to do so in violation of 29 U.S.C. § 1145. Process was served on Eric Anthony (pages 5-6). Thereafter, Eric Anthony received notice about a rescheduling of the initial case management conference (page 7). A motion by Plaintiffs to enter an agreed order was served on Eric Anthony (page 8). The Agreed Order (pages 9-10) allowed a delay in the submission of payroll reports and contributions for work in months prior to September 2009, and provided Ray Anthony International, LLC "will submit to Plaintiff payroll reports and contributions for work in the month of September 2009 and all future months in accordance with the rules of the Plaintiff," and also provided "Defendant will timely submit all future payroll reports and contributions to Plaintiff as required by

this Agreed Order and by 29 U.S.C. § 1145." The Order was approved for entry by Eric Anthony who signed in his capacity as Chief Financial Officer. (page 11)

Ray Anthony International, LLC thereafter failed to submit payroll reports and contributions for work after September 2009, and other months; additional delinquencies accrued. 3:10-0100 was initiated on 1/28/10 against Ray Anthony International, LLC and Eric Anthony and the complaint essentially alleged Ray Anthony International, LLC was still party to a collective bargaining agreement requiring the submission of payroll reports and contributions to Plaintiff, and alleged a failure to do so was in violation of 29 U.S.C. § 1145 and the prior Order from 3:09-0634. In addition, the complaint alleged Eric Anthony "controls the financial affairs of the Company and is an ERISA fiduciary personally liable under 29 U.S.C. §§ 1103, 1104, and 1109 for using funds of the Company to pay other creditors instead of Plaintiff." (pages 12-15)

The complaint in 3:10-0100 also prayed for a permanent injunction requiring Ray Anthony International, LLC and Eric Anthony to adhere to 29 U.S.C. § 1145 and requiring the timely submission of future payroll reports and contributions, along with a request for judgment against Ray Anthony International, LLC and a judgment against Eric Anthony as a fiduciary for contributions that were due and owing. (*ibid*) The answer to the complaint (pages 16-20) denied that Eric Anthony was a fiduciary, and also denied that payroll reports and contributions were due and owing. The action was terminated by another Agreed Order[2] (page 21-23), which provided for a judgment with a repayment plan against Ray Anthony International, LLC for the delinquencies that had accrued after September 2009, deletion of any claims against Eric Anthony and dismissal of any claims

---

[2] also attached as Exhibit A to the complaint in this civil action.

against him with prejudice, and a permanent injunction requiring Ray Anthony International, LLC to timely submit future contributions and payroll reports to Plaintiff as required by 29 U.S.C. § 1145.

Thereafter, additional delinquencies occurred and the present action was initiated. The complaint in this action was described above and does not, as was the situation in 3:10-0100, suggest Eric Anthony is responsible as a fiduciary; rather, the essence of his liability in the present action is based upon his failure to require the corporate defendant to abide by the permanent injunction entered in 3:10-0100. This relief sought against Eric Anthony in the present action is due to his status as a corporate officer responsible to obey court orders, while in 3:10-0100 he was alleged to have fiduciary responsibilities and an independent obligation to pay contributions separate and apart from the corporate defendant.

The foregoing demonstrates the precise issue raised against Ray Anthony in the present case was not raised and actually litigated in a prior case. As a result, there is no bar to proceeding against Ray Anthony in the present case because "the precise issue raised in the present case must have been raised and actually litigated in the prior proceeding." *Nat'l Satellite Sports, Inc. v. Eliadis*, 253 F.3d 900, 908 (6th Cir. 2001). To the same effect is *Leirer v. Ohio Bureau of Motor Vehicles*, 246 Fed. Appx. 372 (6th Cir. 2007).

There is another reason claims against Eric Anthony in the present action are not precluded. Dismissal of an action by stipulation of the parties will not bar a new action challenging the same continuing conduct which persists in later years. Each time a future violation occurs, a new claim arises. *Cellar Door Productions, Inc. v. Kaye*, 897 F.2d 1375, 1376-1378 (6th Cir.), cert. denied 498 U.S. 819 (1990). The same rule was applied in *Williams v. Gillett Co.*, 887 F. Supp. 181, 183 (N.D. Ill. 1995) in which an agreed upon dismissal with prejudice of a first action was held not to bar a

second action for infringement of the same patent by products made after dismissal of the first action. See also *Nebraska v. City of Milwaukee*, 189 F.3d 650, 654 (7th Cir. 1999) [ "Disputes about compensation for pay periods after the settlement must be resolved on the merits, even though disputes about earlier claims are closed."]; *Klein v. John Hancock Mut. Life Ins. Co.*, 683 F.2d 358, 360 (11th Cir. 1982) [a contract can be breached intermittently, and litigation or settlement will not automatically bar a later suit for a second, identical breach].

These authorities establish that even if the prior litigation against Eric Anthony had involved claims about his responsibility as a corporate officer for allowing a corporate defendant to violate a permanent injunction, a settlement of those claims would not preclude a subsequent action involving allegations about violations of the injunction which occurred after dismissal of the prior action.

Based upon the foregoing and the record as a whole, the motion by Eric Anthony and Ray Anthony should be denied.

Respectfully submitted,

s/R. Jan Jennings
R. Jan Jennings, BPR No. 1536
Branstetter, Stranch & Jennings, PLLC
227 Second Avenue North, 4th Floor
Nashville, TN 37201-1631
Tel. (615) 254-8801
Email: jan@branstetterlaw.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing has been served via the Court's electronic filing system upon:

        Mark E. Stamelos
        Patrick W. Ogilvy
        King & Ballow
        1100 Union St. Plaza
        315 Union Street
        Nashville, TN 37201
        mstamelos@kingballow.com
        pogilvy@kingballow.com

This 28th day of June, 2010.

        s/R. Jan Jennings
        R. Jan Jennings