IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| SOUTHERN OPERATORS HEALTH FUND, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) 3:10-0518 ) Judge Thomas A. Wiseman, Jr. ) |
| RAY ANTHONY INTERNATIONAL, LLC, RAY ANTHONY, and ERIC ANTHONY, | ) ) ) ) |
| Defendants. | ) ) |

## ORDER

On September 17, 2010, after two of the defendants, Ray Anthony International, LLC ("RAI") and Ray Anthony, filed a Suggestion of Bankruptcy (Docket No. 19), Magistrate Judge Juliet Griffin entered an Order (Docket No. 20) staying all proceedings in the case as a result of the bankruptcy automatic stay, 11 U.S.C. § 362, and referred the matter to this Court to determine whether the case should be closed administratively. Plaintiff Southern Operators Health Fund filed an Opposition To Administrative Closure (Docket No. 21), to which no response has been filed. For the reasons stated below, Plaintiff's opposition is overruled, and the case will be administratively closed.

Plaintiff initiated this action against RAI and two company officers responsible for RAI's operation, Ray Anthony, President, and Eric Anthony, Chief Financial Officer. The complaint alleged that the district court previously imposed a permanent injunction against RAI requiring it to submit to Plaintiff in a timely manner all employee benefit contributions and payroll reports,

1

but that RAI repeatedly failed to comply with the terms of the permanent injunction. Plaintiff filed a Motion For Order To Show Cause why the defendants should not be held in contempt for their failure to comply with the permanent injunction. (Docket No. 7.) Before the Court could address that motion or the individual defendants' joint motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the defendants filed a Suggestion of Bankruptcy alleging that Ray Anthony and RAI, on September 14 & 15, 2010 respectively, filed Chapter 11 bankruptcy petitions in the United States Bankruptcy Court for the Western District of Pennsylvania. (Docket No. 19-1.) Plaintiff objects to administrative closure of the case and asks this Court to set a show cause hearing on the contempt motion.

Plaintiff's first objection that the bankruptcy filing notices (Docket No. 19-1) show that a different party, "Ray Anthony International, Inc.," rather than "Ray Anthony International, LLC" filed the bankruptcy proceeding is without merit. The Court takes judicial notice of the court records of the Bankruptcy Court for the Western District of Pennsylvania. See Lyons v. Stovall, 188 F.3d 327, 333 (6th Cir. 1999) (observing well-settled rule that federal courts may take judicial notice of proceedings in other courts of record). The Voluntary Petition that was filed to commence RAI's Chapter 11 proceeding clearly states that "Ray Anthony International, LLC" is the debtor. In re Ray Anthony International, LLC, No. 10-26576, Docket No. 1 (Bankr. W.D. Penn.).

The Court also takes judicial notice that RAI and Ray Anthony each filed in the bankruptcy proceedings an "Amended Motion To Enforce Stay Pursuant To Bankruptcy Code Section 362 and 105" to preclude Plaintiff from prosecuting this action in violation of the bankruptcy automatic stay. Id., Docket No. 94; In re Ray G. Anthony, No. 10-26552, Docket No.

69 (Bankr. W.D. Penn.). The Bankruptcy Court entered an Order in each case requiring responses to the motions by October 26, 2010, and setting a hearing on the motions on November 2, 2010. No. 10-26576, Docket No. 113, Order; No. 10-26552, Docket No. 74, Order. There is no indication on the docket sheet for either bankruptcy case that Plaintiff filed a motion asking the Bankruptcy Court to lift the automatic stay to allow this case to proceed.

Title 11 United States Code § 362(a)(1) expressly provides that, other than for certain statutory exceptions not shown to apply here, the filing of the bankruptcy petition operates as a stay against all entities which seek to commence or continue "a judicial . . . action or proceeding against the debtor that was or could have been commenced" before the filing of the bankruptcy case or "to recover a claim against the debtor that arose before the commencement" of the bankruptcy case. Section 362(a)(2) provides that the automatic stay also extends to "the enforcement, against the debtor or against the property of the estate, of a judgment obtained before the commencement" of the bankruptcy case. "[I]f the automatic stay applies to an action directed at the debtor or its property, jurisdiction is exclusive in the bankruptcy court." Chao v. Hospital Staffing Servs., Inc., 270 F.3d 374, 383 (6th Cir. 2001).

Courts have subordinated ERISA provisions to contrary provisions of the Bankruptcy Code, In re U.S. Lines, Inc., 103 B.R. 427, 434-35 (Bankr. S.D.N.Y. 1989) (and cases cited therein), and judges in this District have held that claims against a Chapter 11 debtor for pension arrearages under ERISA are within the jurisdiction of the bankruptcy court. Central States Southeast and Southwest Areas Health and Welfare and Pension Funds v. Columbia Motor Express, Inc. (In re Columbia Motor Express, Inc.), 33 B.R. 389, 391 n.4 (M.D. Tenn. 1983); Pulaski Hwy. Express, Inc. v. Central States Southeast and Southwest Areas Health and Welfare

3

And Pension Funds (In re Pulaski Hwy. Express, Inc.), 41 B.R. 305, 308 n.4 (Bankr. M.D. Tenn. 1984).

Plaintiff contends that, since the bankruptcy filing in mid-September, RAI has continued to employ crane operators within the jurisdiction of International Union of Operating Engineers Local 450 in Houston, Texas, and so long as RAI continues to be a party to a collective bargaining agreement with Local 450 and employ workers under that agreement, RAI should be obligated to submit payroll reports and make fringe benefit contributions as required. While Plaintiff is correct that RAI, as debtor-in-possession, must manage and operate the company in accordance with law during the bankruptcy proceedings, 29 U.S.C. §§ 959(b) & 1145, any action that Plaintiff wishes to pursue to recover postpetition pension fund contribution arrearages must be directed to the Bankruptcy Court. See In re Columbia Motor Express, Inc., 33 B.R. at 390. The case of In re DeLorean Motor Co., 991 F.2d 1236, 1240-41 (6th Cir. 1993), cited by Plaintiff, is not helpful to Plaintiff's position because there the Sixth Circuit held that a defendant in a fraudulent conveyance action was required to obtain the Bankruptcy Court's permission before instituting an action against the bankruptcy trustee. That situation is unlike the circumstances presented here.

Plaintiff also reminds the Court of its prior unreported Order and Final Judgment entered in Central States Southeast and Southwest Areas Pension Fund v. Columbia Motor Express, Inc., No. 1:83-0036 (M.D. Tenn. August 2, 1983), a companion case to In re Columbia Motor Express, Inc., 33 B.R. 389 (Adversary No. 382-0850)). In that Order and Final Judgment, the Court imposed a permanent injunction against a corporation for unpaid pension contributions while that corporation was in bankruptcy. The Order and Final Judgment does not discuss,

however, whether the bankruptcy automatic stay had been lifted to allow this Court to act, and some question was raised in other cases about whether this Court's Order and Final Judgment was entered in derogation of the automatic stay. See Local 144 Hosp. Welfare Fund v. Baptist Med. Ctr. (In the Matter of Baptist Med. Ctr. of New York), 52 B.R. 417, 424 n.5 (E.D.N.Y. Aug. 21, 1985) (and citing In re Columbia Motor Express, Inc., Adversary No. 382-0850, Order (M.D. Tenn. Aug. 24, 1984)). In view of such concerns, the Court does not rely on the prior Order and Final Judgment in Central States as controlling here.

Finally, the fact that Eric Anthony did not file a bankruptcy petition does not change the Court's decision to defer to the Bankruptcy Court. Any action taken against a non-debtor that would inevitably have an adverse impact upon the property of the bankruptcy estate is barred by the automatic stay. In re National Century Fin. Enter., Inc., 423 F.3d 567, 578 (6th Cir. 2005).

For all of the reasons stated, the Court finds that it is not appropriate to proceed in this case at the present time. Accordingly, Plaintiff's Opposition To Administrative Closure (Docket No. 21) is hereby OVERRULED, and the Clerk is directed to close this case administratively.

Plaintiff may file a motion to reopen the case upon obtaining a specific Order from the Bankruptcy Court in the Western District of Pennsylvania lifting the automatic stay to allow this case to proceed. A copy of the Bankruptcy Court Order should be attached to any motion to reopen that may be filed.

It is so ORDERED.

Thomas A. Wiseman, Jr.
Senior U.S. District Judge